# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **DARRYL DUPUY** | **CASE NO. 6:17-CV-00616** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **ADAPA INC** | **MAGISTRATE JUDGE HANNA** |

## REPORT & RECOMMENDATION

Plaintiff Darryl Dupuy commenced the above-captioned matter on May 9, 2017, with the filing of a complaint, alleging that he was injured during an incident on May 10, 2016, involving a drywall cart allegedly manufactured by Defendant Adapa, Inc.[1] At the time the complaint was filed, Plaintiff was represented by counsel, of the firms Morrow, Morrow, Ryan, Bassett & Haik, and Roy & Scott, LLC.[2]

On May 14, 2018, all Plaintiff's counsel of record filed a motion to withdraw from the case, certifying that good grounds for withdrawal existed without disclosing the nature of the underlying facts in the interest of their client.[3] Attached to the motion was a certified letter, which had been mailed to Plaintiff with certified return

---

[1] Rec. Doc. 1.
[2] *Id*. at p. 8.
[3] Rec. Doc. 19.

receipt, in which the attorneys advised of their withdrawal from the representation.[4] In addition, counsel stated that copies of the relevant case filings and discovery propounded to Plaintiff by Adapa, Inc. was likewise provided to Plaintiff.[5] Two months later, given that the motion to withdraw remained pending, Plaintiff's counsel complied with the Court's scheduling order by filing a joint report, pursuant to Federal Rule of Civil Procedure 26(f), on July 25, 2018.[6]

On August 1, 2018, this Court granted the motion to withdraw, thereby permitting all Plaintiff's counsel to withdraw as attorneys of record for Plaintiff Dupuy.[7] Plaintiff was simultaneously ordered, "within thirty (30) days" thereof, to "enroll new counsel or advise the Court of his intention to proceed *pro se* in this case."[8] A copy of that order was mailed to Plaintiff at his address of record, 146 Barney Durand Road, Pollock, Louisiana 71467.[9] Thereafter, Plaintiff neither enrolled new counsel nor advised this Court of his intention to proceed *pro se*.

On December 7, 2018, Defendant Adapa, Inc. filed a motion to compel Plaintiff to respond to outstanding discovery requests, originally propounded in January 2018, through Plaintiff's then-counsel of record, and later discussed during a November 2018 telephone conference between Plaintiff and defense counsel, at

---

[4] Rec. Doc. 19-2.
[5] Rec. Doc. 19, p. 2, ¶ 4.
[6] Rec. Doc. 22.
[7] Rec. Doc. 25.
[8] *Id.*
[9] *Id.*

which time counsel afforded Plaintiff ten (10) days within which to respond.[10] The motion was set for this Court's next regular motion day, in January 2019. Given that the next regular motion day fell after the discovery deadline, counsel for Adapa, Inc. filed another motion to compel and for sanctions, as well as relief from certain deadlines in the Court's scheduling order.[11]

On January 7, 2019, the original discovery deadline, this Court granted the motion to compel answers to discovery requests, ordering same to be provided by Plaintiff within ten (10) days, and further ordered Plaintiff to personally appear for a hearing on January 24, 2019, "to show cause why his case should not be dismissed or he should not otherwise be sanctioned for repeated failure to abide by th[is] Court's orders."[12] The order further provided that, in the event Plaintiff cooperated and completed his deposition prior to January 24, 2019, and provided meaningful responses to the pending discovery requests, the hearing would be cancelled and a telephone status conference would be convened to discuss the scheduling order.[13] Again, a copy of that order was mailed to Plaintiff at his address of record, 146 Barney Durand Road, Pollock, Louisiana 71467.[14] Plaintiff responded by filing a motion for extension of time to enroll new counsel.[15]

---

[10] Rec. Doc. 26.
[11] Rec. Doc. 28.
[12] Rec. Doc. 32.
[13] *Id*.
[14] *Id*.; *see also* Rec. Docs. 33, 34 (certified mail return receipt).
[15] Rec. Doc. 35.

On January 24, 2019, this Court held a show cause hearing, at which Plaintiff Darryl Dupuy and defense counsel Eric D. Burt were present, and Plaintiff's former counsel, Patrick C. Morrow, participated by telephone.[16] During the hearing, it was decided that this Court would allow Plaintiff additional time to enroll new counsel or advise of his intention to proceed *pro se*, and further order his former counsel to provide confirmation that it had turned over to Plaintiff all contents of Plaintiff's file.[17] Thereafter, a ruling would issue regarding Plaintiff's responsibilities in relation to his representation going forward. This Court further assured all parties that it would vacate the scheduling order, which it later did by separate order.[18]

On January 28, 2019, having confirmed that Plaintiff's former counsel, of the firm Morrow, Morrow, Ryan, Bassett & Haik, had turned over to Plaintiff a copy of all contents of his file, this Court again ordered that, within thirty (30) days, Plaintiff shall enroll new counsel or advise the Court of his intention to proceed *pro se* in this case.[19] A copy of that order was both e-mailed to Plaintiff, at dupuydarryl@yahoo.com, and mailed to Plaintiff at his address of record, 146 Barney Durand Road, Pollock, Louisiana 71467. To date, Plaintiff has neither enrolled new counsel nor advised this Court of his intention to proceed *pro se*.

---

[16] Rec. Doc. 36.
[17] Rec. Docs. 36, 37.
[18] Rec. Docs. 37, 38.
[19] Rec. Doc. 38.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute or to comply with the Federal Rules or a court order.[20] The dismissal may be on motion or *sua sponte*.[21] Unless the dismissal order states otherwise, the dismissal shall operate as an adjudication on the merits.[22] Therefore, in consideration of Plaintiff's repeated failure to abide by this Court's orders, the undersigned recommends that this case be dismissed without prejudice and that the February 10, 2020 trial of this matter be upset.

It is further recommended that the Clerk of this Court shall serve a copy of this recommendation, as well as any dismissal order, on Plaintiff Darryl Dupuy at 146 Barney Durand Road, Pollock, Louisiana 71467, in addition to e-mailing a copy of same to Plaintiff, at dupuydarryl@yahoo.com.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

---

[20] *Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 985 F.2d 557 (5th Cir. 1993); *Slack v. McDaniel*, 529 U.S. 473 (2000).
[21] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010); *see also Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962).
[22] Fed. R. Civ. P. 41(b); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (involuntary dismissal with prejudice is appropriate only when there is also a clear record of delay or contumacious conduct and a determination that lesser sanctions would not serve the best interests of justice).

fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.[23]

Signed at Lafayette, Louisiana, this 12th day of March, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[23] *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).